**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Kenneth W. Copeland, Jr. | **DEFENDANTS**<br>Medallion Bank |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Office of Carol Cross Stone, PLLC<br>1118 Judson Rd.<br>Longview TX 75601<br>903-759-5922 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Determination of nature, extent and validity of lien and objection to proof of claim 10
11 USC 506

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Kenneth W. Copeland, Jr. | BANKRUPTCY CASE NO.<br>22-60031 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Texas | DIVISION OFFICE<br>Tyler Division || NAME OF JUDGE<br>Judge Searcy |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/Carol Cross Stone ||||
| DATE<br>06/15/2022 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Carol Cross Stone ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-60031 |
| KENNETH W. COPELAND, JR.<br>XXX-XX-8386 | |
| DEBTOR | CHAPTER 13 |
| KENNETH W. COPELAND, JR. | ADV. CASE NO. _____ |
| Plaintiff | |
| vs. | |
| MEDALLION BANK | |
| Defendant | |

**COMPLAINT TO DETERMINE THE NATURE, EXTENT, AND VALIDITY OF LIEN ON REAL PROPERTY AND OBJECTION TO PROOF OF CLAIM #10 FILED BY DEBTOR/PLAINTIFF, KENNETH W. COPELAND, JR.**

COMES NOW, Kenneth W. Copeland, Jr. ("Copeland" or "Mr. Copeland"), complaining of Medallion Bank ("Medallion"). Mr. Copeland requests that this Honorable Court determine the nature, extent, validity, and priority of the lien asserted by Medallion against real property which is the homestead of the Copeland family. Copeland also objects to Proof of Claim #10 filed by Medallion and requests that Proof of Claim #10 be disallowed as a secured claim, but allowed as a general, unsecured claim. In support of this cause of action, Copeland would respectfully show the Court as follows:

### A. PARTIES

1. Mr. Copeland is the Debtor in bankruptcy case no. 22-60031, a Chapter 13 proceeding that is pending in this Court.

2. Medallion Bank is a foreign state bank which does not appear to be registered with the Texas Secretary of State. The main office of Medallion Bank is located at 1100 East 6600 South, Suite 510, Salt Lake City, Utah.

### B. JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this Adversary Proceeding pursuant to 28 U.S.C. §§157 and 1334.

4. This Adversary Proceeding is a core proceeding as defined in 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (K), and (O). This action is brought pursuant to 11 U.S.C. §§ 502, 506(d), 157(b)(2)(K) and 1322; 28 U.S.C. §§ 2201–2202; and FED. R. BANKR. P. 4003(D) AND 7001(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6. Copeland consents to entry of a final judgment or order by the bankruptcy court.

### C. HISTORY OF CASE

7. On January 25, 2022, Copeland filed Chapter 7 bankruptcy without his wife, Shauntell Copeland. On March 31, 2022, the Court entered an order converting Copeland's case to Chapter 13 **[dkt #14.]**

8. Copeland's Amended Plan was filed on May 20, 2022 **[dkt #37]**. The confirmation hearing is scheduled for June 30, 2022.

9. On May 25, 2022, Medallion objected to confirmation on the ground that its alleged secured claim is not provided for in the plan **[dkt #39.]**

10. On June 6, 2022, Medallion filed Proof of Claim #10-1. *Exhibit A Proof of Claim #10-1 with exhibits.*

### D. FACTUAL BACKGROUND

11. On February 10, 2020, Mr. and Mrs. Copeland purchased their homestead at 120 Oak Trail, Kilgore, Texas 75662 (the "Homestead Property.")

12. This is the homestead of the Copelands. This property has continually been their homestead since the time of purchase. *Exhibit B Legal Description.*

13. On March 17, 2020, Mr. Copeland executed an instrument titled "Simple Interest Note and Security Agreement" (the "contract") in favor of Medallion Bank in the amount of $75,016.00 for a loan to install an in-ground swimming pool. *Exhibit C - Contract.*

14. The contract provided for payments of $734.61 per month for 240 months at 9.99% annual interest.

15. Mrs. Copeland did not execute the contract.

16. On June 15, 2020, Medallion recorded an invalid UCC financing statement in the land records of Rusk County, Texas at Vol. 3706, Page 721. *Exhibit D - UCC Financing Statement.*

17. In August 2021, Mrs. Copeland was diagnosed with cancer. The Copelands unexpectedly began to incur substantial, ongoing medical expense, resulting in Mr. Copeland's bankruptcy filing.

### E. SECURITY AGREEMENT FAILS TO INCLUDE REAL ESTATE IN DESCRIPTION OF COLLATERAL.

18. The contract describes the Medallion's security interest in "the Property" which it defines as "inground pool" as shown below:

> **Description of Property.** As security for this Note, you are giving Lender a purchase money security interest in the following Property, and all additions and attachments: inground pool _____ (the "Property").

19. The contract also provides:

> **Security Interest.** You hereby grant us a security interest in the Property and in all additions and attachments to the Property. This security interest also covers: (a) proceeds of any insurance policies or service contracts covering the Property; and (b) proceeds of any sale of the Property. This secures payment of all amounts you owe under this Note and in any renewal, extension, modification, refinancing or assignment of this Note. It also secures your other agreements in this Note. You authorize us to file a UCC Fixture Financing Statement to perfect our security interest in the Property and you agree to pay us all fees associated with such filing. You agree to pay us any deficiency from the filing fee amounts we collected from you and we agree to apply any surplus from the filing fee amounts we collected from you to the unpaid balance of this Note, so long as the deficiency or surplus exceeds $5. To the extent permitted by applicable law, you authorize us as your attorney-in-fact to sign your name on any documents necessary to properly perfect our security interest if you fail to do so.

20. The contract implies that the "inground pool" is personal property and details Medallion's remedies upon default: acceleration of the loan and repossession of the swimming pool; not foreclosure on the Copeland homestead.

The contract states:

> **Rights and Remedies Upon Default.** If you default under this Note, subject to any right to cure you have under applicable law, we can demand that you pay all you owe on this Note at once. We also will have all rights, options, and remedies of a secured party under applicable laws, and under this Note, including without limitation the following: (a) you must deliver the Property to us if we so direct; (b) with or without demanding delivery from you, and with or without resorting to legal process, we may repossess the Property and to do so we may peacefully and lawfully enter upon the property where the Property is kept; (c) you authorize us, at our option and without obligation to do so, to make or have made any repairs that we deem desirable; and (d) you authorize us, at our option without obligation to do so, to pay insurance premiums covering the Property, as well as repair or storage bills, taxes, fees, fines or other charges on the Property, and you agree that we may, at our option, receive from you full reimbursement upon demand. Unless required by applicable law, we will not notify you of our intention to repossess the property. You acknowledge an express intent to grant a security interest in the Property and hereby waive and abandon, to the extent permitted by law, all personal property exemptions granted upon the Property, which is the subject of this Note. NOTICE: BY GIVING US A SECURITY INTEREST IN THE PROPERTY, YOU WAIVE, TO THE EXTENT PERMITTED BY LAW, ALL RIGHTS PROVIDED BY LAW TO CLAIM SUCH PROPERTY EXEMPT FROM PROCESS.

*Exhibit C, Contract- page 2.*

21. The UCC Financing Statement describes the alleged "collateral" much differently in paragraph 4 as:

> 4. COLLATERAL: This financing statement covers the following collateral:
> inground pool - Fixture Filing
>
> THE FOLLOWING PROPERTY IS SITUATED IN KILGORE, COUNTY OF RUSK, STATE OF TEXAS TO WIT: LOT 20 OF THE OAK TRAIL SUB IN THE LEVY LANDERS SURV A-477 PROPERTY ADDRESS: 120 OAK TRL, KILGORE, TX 75662

*Exhibit D - UCC Financing Statement.*

22. The UCC Financing Statement does not create a security interest. Any security interest Medallion has must arise from the terms of the contract. Medallion's attempted security interest in the real estate fails because the contract defines the collateral as "in ground pool." *Carmel Fin. Corp. v. Castro,* 514 SW3d 291 (Tex. App. 2016)(Contractor's fixture filing did not create a lien on real property where contract stated security interest was in "water treatment system," and failed to list a lien against real estate.)

23. The filing of the UCC Financing statement constituted a fraudulent lien under TEX. CIV. PRAC. & REM. CODE 12.002 (2022).

**F. TEX. BUS. & COM. CODE SECTION 9.334(a) PROHIBITS A SECURITY INTEREST IN "ORDINARY BUILDING MATERIALS INCORPORATED INTO AN IMPROVEMENT ON LAND."**

24. The swimming pool was a gunite pool constructed from "ordinary building materials" consisting of rebar, concrete blocks, sand, concrete and plaster.

25. TEX. BUS. & COM. CODE Section 9.334(a)(2022) unequivocally states "[a] security interest does not exist under this chapter in ordinary building materials incorporated into an improvement on land." *In re Adkins*, 444 BR 374 (Bankr.N.D. Ohio 2011)(Creditor lost security interest provided by purchase money security interest in windows after they were installed because the windows constituted "ordinary building materials").

**G. MEDALLION DOES NOT HAVE A SECURITY INTEREST IN THE HOMESTEAD PROPERTY BECAUSE IT FAILED TO COMPLY WITH THE REQUIREMENTS OF TEX. PROP. CODE 41.001.**

26. TEX.PROP.CODE 41.001 permits a homestead to be encumbered for limited purposes, including: "(3) work and material used in constructing improvements on the property if contracted for in writing as provided by Sections 53.254(a), (b), and (c) . . . ."

27. Section 53.254(a)(b)(c) mandates:

   a) To fix a lien on a homestead, the person who is to furnish material or perform labor and the owner must execute a written contract setting forth the terms of the agreement.
   (b) The contract must be executed before the material is furnished or the labor is performed.
   (c) If the owner is married, the contract **must be signed by both spouses.**
   TEXAS PROP. CODE 53.254(a)-(c) (2020). [*Emphasis added.*]

28. Medallion did not furnish material or labor as described in Section 53.254(a). The contractor who furnished material and labor was Caribbean Pools.

29. The only written contract for the installation of the swimming pool was signed by Mr. Copeland and Medallion.

30. Mrs. Copeland never signed a contract with anyone or authorized anyone to encumber the family homestead.

## H. RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Copeland prays for the following relief:

(a) That this Court enter an order finding that Medallion's lien against the Homestead Property is void;

(b) That the Court order Medallion to terminate of the UCC financing statement which is clouding the title to the Homestead Property;

(c) That Proof of Claim 10-1 filed by Medallion be disallowed as a secured claim, and paid as a general, unsecured claim only.

(d) Award damages to Copeland for violation of TEX. CIV. PRAC. & REM. CODE 12.002.

(e) Award attorney fees and expenses incurred by Copeland for the cost of bringing this action.

For such other and further equitable relief as justice may require.

Respectfully submitted,

KENNETH W. COPELAND, JR.

/s/Carol Cross Stone
Attorney for Debtor/Plaintiff
TX Bar #24064289
1118 Judson Road
Longview, TX 75601
(Voice) 903-759-5922
(Fax) 866-929-0734
Carol@CrossStone.com (direct email)